# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0879V
UNPUBLISHED

| | |
|---|---|
| TIMOTHY ANDREWS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 30, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Robert Deniger Cobb, Jr.*, Nahon, Saharovich & Trotz, Memphis, TN, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On June 14, 2019, Timothy Andrews filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza vaccine received on October 9, 2017.[3] Petition at 1. Petitioner further alleges the vaccine was administered in the United States, Petitioner has suffered the sequela of his injury for more than six months, and neither Petitioner nor any other party has filed an action for, or received compensation in the form of an award or settlement

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The petition asserted alternative claims of scleroderma and radial neuropathy, which Respondent did *not* concede in his Rule 4(c) Report. The alternative claims were discussed in a July 29, 2021 status conference, after which the parties resolved the case through the agreed-upon proffer. In light of the resolution of the case, the alternative claims need not be addressed further.

for, Petitioner's vaccine-related injury. Petition at ¶¶ 2, 35-37. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 13, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case for GBS. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner has satisfied the criteria set forth in the Vaccine Injury Table and Qualifications and Aids to Interpretation for GBS. *Id.* at 16-17. Respondent further agrees that the statutory six month sequelae requirement has been satisfied and Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master