# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 19-0879V
(not to be published)

| | |
|---|---|
| TIMOTHY ANDREWS,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 31, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates; Administrative Time |

*Robert Deniger Cobb, Jr.*, Nahon, Saharovich & Trotz, Memphis, TN, for Petitioner.

*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 14, 2019, Timothy Andrews filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of an influenza vaccine received on October 9, 2017. (Petition at 1). On August 30, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated October 26, 2021 (ECF No. 42), requesting a total award of $33,541.74 (representing $31,359.20 in fees and $2,182.54 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 41). Respondent reacted to the motion on November 3, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 43). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A. <u>Hourly Rates</u>

Petitioner requests that I endorse the following hourly rates for attorneys Robert Cobb, Daniel W. Hill, Alex Saharovich, and their paralegals:

|  | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|
| **Cobb** | $215 | $230 | $255 | $270 |
| **Hill** | $415 | $430 | $445 | $460 |
| **Saharovich** | $440 | $455 | $465 | $485 |
| **Paralegals** | $148 | $153 | $156 | $163 |

(ECF No. 42-2 at 4-5).

   i.   Hourly Rates for Robert Cobb

Robert Cobb is the counsel of record for the entirety of this case. Mr. Cobb has been a licensed attorney since 2016, placing him in the range of attorneys with less than four years' experience for 2018 - 2020, and for 2021 the range of attorneys with 4-7 years' experience, based on the OSM Attorneys' Forum Hourly Rate Schedule.[3] As this is Mr. Cobb's first case in the Program, he does not have demonstrated Vaccine Act experience, and it is therefore improper for him to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates for Mr. Cobb to the following: $189 per hour for 2018; $215 per hour for 2019; and $240 per hour for 2020.

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

3

The requested rate of $270 per hour will be awarded for time billed in 2021. This reduces the amount to be awarded in fees by **$897.35**.[4]

### ii.   Hourly Rates for Daniel W. Hill

Additionally, Petitioner is requesting rates for attorney Daniel W. Hill. This is Mr. Hill's first case in the Program setting an hourly rate. Just as with Mr. Cobb, Mr. Hill does not have demonstrated Vaccine Act experience it is therefore improper for him to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *McCulloch*, 2015 WL 5634323, at *17.

Mr. Hill has been a licensed attorney since 1998, placing him in the range of attorneys with 20 – 30 years' experience. (Id. at 3). Accordingly, I find it reasonable to reduce the requested rates for Mr. Hill to the following rates: $375 per hour for 2018; $395 per hour for 2019; $410 per hour for 2020; and $425 per hour for 2021. This reduces the requested amount to be awarded in fees by **$82.00**.[5]

### iii.   Hourly Rate for Alex Saharovich

Petitioner's motion states that Mr. Saharovich was admitted to practice law in 1987, giving him between 31- 34 years of legal experience from 2018 – 2021. This appears to be Mr. Sahraovich's first time doing Vaccine Program work. But Mr. Saharovich is not admitted to practice in the Court of Federal Claims – a prerequisite to obtaining full fees. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see also* Vaccine Rule 14(a)(1). At best, non-admitted attorneys may be compensated for work only at a rate consistent with that of a nonattorney, supportive role, akin to a paralegal. *See Pearson v. Sec'y of Health & Hum. Servs.*, No. 17-489V, 2019 WL 7167552, at *4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (citing *Mackey v. Sec'y of Health & Hum. Servs.*, No. 16-1289V, 2018 WL 3596801, at *5–6 (Fed. Cl. Spec. Mstr. May 10, 2018) (declining to compensate a non-admitted attorney at an attorney rate, but instead awarding fees for non-attorney-level work for work performed in a supportive role)); *Razka v. Sec'y of Health & Hum. Servs.*, No. 14-1224V, 2017 WL 3165479, at *3 (Fed. Cl. Spec. Mstr. June 30, 2017) (citation omitted) (distinguishing rates of compensation available to admitted and nonadmitted attorneys practicing in the

---

[4] This amount consists of: ($215 - $189 = $26 x 6.7 hrs = $174.20) + ($230 - $215 = $15 x 30.41 = $456.15) + ($255 - $240 = $15 x 17.8 hrs = $267) = $897.35.

[5] This amount consists of ($415 - $375 = $40 x 0.30 hrs = $12) + ($430 - $395 = $35 x 1.70 hrs = $59.50) + ($445 - $410 = $35 x 0.10 hrs = $3.50) + ($460 - $425 = $35 x 0.20 hrs =$7.00) = $82.00.

4

Vaccine Program). The only exception is for work performed by a non-admitted attorney in preparing a Vaccine Program case for filing (and hence before its actual initiation) – that *can* be compensated at the attorney's normal rate, subject to the same reasonableness considerations that apply in calculating any fees award. *See Pearson*, 2019 WL 7167552, at *4 (citing *Avila v. Sec'y of Health & Hum. Servs.*, No. 14-605V, 2016 WL 6995372, at *2 (Fed. Cl. Spec. Mstr. Nov. 4, 2016)); *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689, at *14 (Fed. Cl. Spec. Mstr. May 13, 2014).

With these standards in mind, I find the time billed by Mr. Saharovich is excessive. He will be compensated at the highest paralegal rates for those years: $153.00 per hour for 2018, $156.00 per hour for 2019, $163.00 per hour for 2020 and $172.00 for 2021. Application of these rates results in a reduction of **$844.80**.[6]

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Cobb billed 2.5 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records and filing documents. Examples of these (which are not an exhaustive list) include the following:

- June 11, 2019 (0.70 hrs) "Filing of petition and exhibits";

- June 14, 2019 (0.50 hrs) "Filing of petition and supporting documents, mailing a copy to HHS";

- August 6, 2019 (0.50 hrs) "Uploaded and filed amended exhibits along with notice of filing, amended exhibits per staff attorney's request to include exhibit numbers on each page of exhibits";

---

[6] This amount consists of ($415 - $153 = $262 x 0.40 hrs = $104.80) + ($455 - $156 = $299 x 0.80 = $239.20) + ($485 - $172 = $313 x 1.60 hrs = $500.80) = $844.80.

- December 19, 2019 (0.10 hrs) "Scheduling order filed by Special Master. Saved to file and added to calendar"; and

- March 12, 2021 (0.10 hrs) "Email from Court. Added deadline to calendar."

(ECF No. 42-2 at 20, 21, 24 and 34).

I shall reduce Mr. Cobb's rate for these tasks to the rate of what the paralegals billed; $150 per hour for 2019; $155 per hour for 2020; and $160 per hour for 2021. These rates are in line with what the paralegals billed in this matter. This further reduces the awardable attorney fees by **$225.00**.[7]

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.7 hours was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents. Examples of these entries include:

- April 11, 2018 (0.10 hrs) "Received medical records and saved to file";

- May 9, 2018 (0.10 hrs) "Entered ck# in Value screen for Ciox, after issuing payment";

- November 7, 2018 (0.10 hrs) "Received check for medical records and issued payment";

- December 3, 2018 (0.10 hrs) "Mailed prepayment for Baptist Medical Group";

---

[7] This amount consists of ($215 - $150 = $65 x 2.9 hrs = $188.50) + ($240 - $155 = $85 x 0.30 hrs = $25.50) + ($270 - $160 = $110 x 0.10 = $11) = $225.00.

6

- June 14, 2019 (0.20 hrs) "Scanned in all documents for filing the petition. Organized file";

- May 19, 2020 (0.10 hrs) "Uploaded medical bills received"

(ECF No. 42-2 at 8, 9, 11, 12, 18, 20, 25)

I hereby reduce the request for attorney fees for all time considered administrative, reducing the request by **$1,901.40**.[8]

## ATTORNEY COSTS

Petitioner requests $2,182.54 in overall costs. (ECF No. 42-1). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$29,591.19** (representing $27,408.65 in fees and $2,182.54 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] This amount consists of ($145 x 2.9 hrs = $420.50) + ($150 x 3.1 hrs = $465) + ($155 x 4 hrs = $620) + ($160 x 1.7 hrs = $272) + ($189 x 0.10 hrs = $18.90) + ($240 x 0.10 = $24) + ($270 x 0.30 hrs = $81) = $1,901.40

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.